IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| KARLA JO CUVELIER,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE,<br>of Social Security,<br><br>　　　　Defendant. | No. C10-3027-MWB<br><br>**REPORT AND RECOMMENDATION<br>ON JOINT MOTION TO REVERSE<br>AND REMAND** |

_____

This matter is before the court on the parties' joint motion (Doc. No. 9) asking the court to reverse the decision of an Administrative Law Judge ("ALJ") denying the plaintiff's applications for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 401 *et seq.*, and supplemental security income under Title XVI of the Act, 42 U.S.C. § 1381 *et seq.*, and remand the case pursuant to sentence four of 42 U.S.C. § 405(g), which provides that the court may "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."

The plaintiff's applications for benefits were denied initially and on reconsideration. He was afforded a hearing before an ALJ, who found that he has severe impairments consisting, in combination, of degenerative disc disease of the thoracic and lumbar spine, migraine headaches, depression, and anxiety. The ALJ further found that the plaintiff's mental impairments of seizure disorder and post-traumatic stress disorder were not severe. The ALJ found the plaintiff retained the residual functional capacity to perform a reduced range of simple, repetitive, sedentary work, and although he could not return to his past relevant work, he could perform other jobs that exist in significant numbers in the national economy. The ALJ therefore found the plaintiff not to be disabled. The Appeals Council

denied the plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner.

When the plaintiff filed the instant action requesting judicial review, the defendant's counsel asked the Appeals Council to reconsider the Commissioner's decision. The parties state that "[u]pon review, the Appeals Council determined that remand was appropriate for further consideration of plaintiff's claim, specifically for further analysis of plaintiff's mental impairment, seizure disorder, and functional limitations. The Appeals Council also noted that plaintiff has a second disability claim currently pending at the Iowa State Agency that could be consolidated with this Court transcript file after remand." Doc. No. 9-1, p. 2,

In the past, when the parties have sought sentence four remand at this stage of the proceedings, the court has required "a plenary review of the entire record" and required the parties to brief the case fully before entering "a judgment either affirming, modifying, or reversing the Commissioner's decision to deny benefits." *Hanson v. Chater*, 895 F. Supp. 1279, 1282-83 (N.D. Iowa 1995) (Bennett, J.). In so holding, the court has relied on the United States Supreme Court's decisions in *Shalala v. Schaefer*, 509 U.S. 292, 296-97, 113 S. Ct. 2625, 2629, 125 L. Ed. 2d 239 (1993) (holding a district court may not enter a remand order under sentence four without also entering judgment), and *Melkonyan v. Sullivan*, 501 U.S. 89, 98, 111 S. Ct. 2157, 2163, 115 L. Ed. 2d 78 (1991) (sentence four remand requires the court to make a substantive ruling regarding the Commissioner's decision, rather than merely returning the case to the agency for disposition, even when both parties agree to this course). The Eighth Circuit Court of Appeals also holds that a sentence four remand is proper only when the court "makes a substantive ruling regarding the correctness of a decision of the Commissioner and remands the case in accordance with such a ruling." *Buckner v. Apfel*, 213 F.3d 1006, 1010 (8th Cir. 2000) (citing *Melkonyan*, 501 U.S. at 98, 111 S. Ct. at 2163).

The undersigned recently had the opportunity to inquire into the Commissioner's position regarding these early requests for sentence four remand prior to the time briefing on the merits has occurred in a case. Counsel for the defendant explained the Agency's position on sentence four remand motions, relying, in part, on *Brown v. Barnhart*, 282 F.3d 580 (8th Cir. 2002). In *Brown*, the court held that a court may not enter a summary order for remand without affirming, modifying, or reversing the Commissioner's decision as required by 42 U.S.C. § 405(g). The court noted that in the absence of such a ruling, "there would be no statutory 'power' to remand pursuant to sentence four." *Id.*, 282 F.3d at 581. The Commissioner takes the position that where courts erred in the past was in entering a summary remand order that did not also include the entry of judgment.

Defense counsel also noted that the Eighth Circuit Court of Appeals, itself, routinely grants motions for sentence four remand at the appellate stage without a full review of the agency record, remanding cases to the district courts with instructions to reverse and remand to the Commissioner for further action.

The undersigned is persuaded that where the parties agree a sentence four remand is appropriate, the court may enter an order reversing the Commissioner's decision, remanding the case for further proceedings, and directing entry of judgment in the claimant's favor - without conducting a full review of the administrative Record. It is the entry of judgment that constitutes the "substantive ruling" required by the statute and Supreme Court precedents. This course of action conserves the time and resources of the parties and the court, and allows the Commissioner the opportunity to reconsider the case as a whole, including evidence either overlooked or not available to the ALJ who decided the case, as well as evidence submitted in connection with subsequent applications for benefits.

For these reasons, the undersigned recommends the district court not require a full review of the administrative Record prior to a sentence four remand, and grant the parties'

joint motion, entering judgment in favor of the plaintiff and against the Commissioner, and remanding this case pursuant to sentence four of 42 U.S.C. § 405(g) for further consideration.

**IT IS SO ORDERED.**

**DATED** this 14th day of September, 2010.

PAUL A. ZOSS
CHIEF MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT