IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

KARLA JO CUVELIER,

    Plaintiff,

vs.

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

No. C10-3027-MWB

ORDER REGARDING
MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATION

_____

## I. INTRODUCTION

Plaintiff Karla Jo Cuvelier filed applications for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 401 *et seq.*, and supplemental security income under Title XVI of the Act, 42 U.S.C. § 1381 *et seq.*, on November 30, 2005. The Commissioner ultimately denied her applications. Cuvelier appealed the Commissioner's decision to this court (docket no. 1), and the undersigned referred the matter to Chief Magistrate Judge Paul A. Zoss for a report and recommendation. On September 13, 2010, both parties filed a Joint Motion to Reverse and Remand (docket no. 9). In this joint motion, the parties asked the court to reverse the decision of the Administrative Law Judge (ALJ) denying the plaintiff's applications for disability insurance benefits and supplemental security income, and remand the case pursuant to sentence four of 42 U.S.C. § 405(g),[1] in order to permit further analysis of plaintiff's

---

[1] 42 U.S.C. § 405(g) provides that the court may "enter, upon the pleadings and
(continued…)

mental impairment, seizure disorder, and functional limitations. Judge Zoss filed a Report and Recommendation (docket no. 10), in which he recommended the district court not require a full review of the administrative record prior to a sentence four remand.[2] Judge Zoss further recommended that the court grant the parties' joint motion, enter judgment in favor of the plaintiff and against the Commissioner, and remand this case pursuant to sentence four of 42 U.S.C. § 405(g) for further consideration (docket no. 10). Neither party filed objections to Judge Zoss's Report and Recommendation.

## II. ANALYSIS

The court reviews the magistrate judge's report and recommendation pursuant to the statutory standards found in 28 U.S.C. § 636(b)(1):

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

---

[1](…continued)
transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."

[2] In the past, this court has required "a plenary review of the entire record" and required the parties to brief the case fully before entering "a judgment either affirming, modifying, or reversing the Commissioner's decision to deny benefits." *Hanson v. Chater*, 895 F. Supp. 1279, 1282-83 (N.D. Iowa 1995). The Eighth Circuit Court of Appeals also holds that a sentence four remand is proper only when the court "makes a substantive ruling regarding the correctness of a decision of the Commissioner and remands the case in accordance with such a ruling." *Buckner v. Apfel*, 213 F.3d 1006, 1010 (8th Cir. 2000) (citing *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991).

28 U.S.C. § 636(b)(1) (2006); *see* Fed. R. Civ. P. 72(b) (stating identical requirements); N.D. IA. L.R. 72, 72.1 (allowing the referral of dispositive matters to a magistrate judge but not articulating any standards to review the magistrate judge's report and recommendation). While examining these statutory standards, the United States Supreme Court explained:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 154 (1985). Thus, a district court *may* review de novo any issue in a magistrate judge's report and recommendation at any time. *Id*. If a party files an objection to the magistrate judge's report and recommendation, however, the district court *must* "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In the absence of an objection, the district court is not required "to give any more consideration to the magistrate's report than the court considers appropriate." *Thomas*, 474 U.S. at 150.

In this case, no objections have been filed. As a result, the court reviews the magistrate judge's report and recommendation under a clearly erroneous standard of review. *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting when no objections are filed and the time for filing objections has expired, "[the district court judge] would only have to review the findings of the magistrate judge for clear error"); *Taylor v. Farrier*, 910 F.2d 518, 520 (8th Cir. 1990) (noting the advisory committee's note to Fed. R. Civ. P. 72(b) indicates "when no timely objection is filed the court need only

satisfy itself that there is no clear error on the face of the record"). After conducting its review, the court is not "'left with [a] definite and firm conviction that a mistake has been committed,'" and finds no reason to reject or modify the magistrate judge's recommendation. *Anderson v. City of Bessemer City*, 470 U.S. 564, 573-74 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). The court agrees with Judge Zoss that where the parties consent to a sentence four remand, the court may enter an order reversing the Commissioner's decision, remand the case for further proceedings, and direct entry of judgment in the claimant's favor, without conducting a full review of the administrative record. This entry of judgment constitutes the "substantive ruling" required by statute and conserves the time and resources of the parties and the court, while allowing the Commissioner the opportunity to reconsider the case in its entirety, including evidence either overlooked or not available to the ALJ, as well as evidence submitted in connection with subsequent applications for benefits. Therefore, the court accepts Judge Zoss's report and recommendation, grants the parties' Joint Motion to Reverse and Remand, enters judgment in favor of the plaintiff and against the Commissioner, and remands this case pursuant to sentence four of 42 U.S.C. § 405(g) for further consideration.

**IT IS SO ORDERED.**

**DATED** this 9th day of November, 2010.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA